IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PACIFIC CENTER FOR CHILDREN )
AND FAMILIES, T.B., D.L, L.L., )
and T.O., )
      Plaintiffs, ) Civ. No. 07-6162
)
  vs. )
)
) OPINION and ORDER
NORTH BEND SCHOOL DISTRICT; )
OREGON DEPARTMENT OF EDUCATION; )
OREGON DEPARTMENT OF HUMAN )
SERVICES; SOUTHERN OREGON )
ADOLESCENT STUDY AND TREATMENT )
CENTER ("SOASTC"); B.J. )
HOLLENSTEINER, Individually and )
in her official capacity as )
Superintendent, North Bend )
School District; ROBERT )
LIEBERMAN, Individually, and in )
his official capacity as )
Executive Director, SOASTC; )
NANCY LATINI, Individually and )
in her official capacity as )
Assistant Superintendent, )
Oregon Department of Education; )
ROBERT E. NIKKEL, Individually )
and in his Official Capacity as )
Assistant Director, Department )
of Human Services; and GINGER )
SWAN, Individually and in her )
official capacity as Director, )
Coos County Mental Health, )
)
      Defendants. )
_____)

Coffin, Magistrate Judge:

    Before the court is plaintiffs' Substituted Motion for Injunctive Relief (#10) and defendants' (North Bend School District, B.J. Hollensteiner, Oregon Department of Education, Oregon Department of Human Services, Nancy Latini, Robert E.

1 Opinion and Order

Nikkel) Motions to Dismiss Amended Complaint and Substituted Motion for Injunctive Relief (#18, #38). For the following reasons, plaintiffs' motion is denied, and defendants' motions are granted. Moreover, because the court lacks jurisdiction over the claims brought against defendants Southern Oregon Adolescent Study and Treatment Center, its Executive Director, and Ginger Swan, Director of Coos County Mental Health, the court dismisses those claims sua sponte under Fed. R. Civ. Proc. 12(b)(1).

## Background

Plaintiffs are Pacific Center for Children and Families (PCCF), a nonprofit provider of psychiatric day treatment for children, and four children who receive or have received PCCF's services. Defendant North Bend School District (NBSD) seeks to terminate its contract with PCCF to provide mental health day treatment services to certain of its students. Plaintiffs seek an injunction requiring NBSD and its Superintendent to provide education services for child plaintiffs in treatment at PCCF. In plaintiffs' view, by ceasing to place students at PCCF, NBSD violates Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 et seq.

Plaintiffs' concerns stem from the position that PCCF provides the least restrictive educational environment for child plaintiffs within the meaning of the IDEA, and the alternative service provider, Southern Oregon Adolescent Study and Treatment Center (SOASTC), may take actions that would deny plaintiff children the mental health and educational services for which they qualify. In plaintiffs' view, NBSD failed to provide appropriate resources to individual plaintiffs at their

2 Opinion and Order

respective assigned educational placements, and child plaintiffs should be educated and receive psychiatric treatment at PCCF rather than at school locations within the district. Plaintiffs further assert that NBSD's actions violate the Rehabilitation Act, 29 U.S.C. § 794, their due process rights, and constitute retaliation under state and federal law.

Plaintiffs also seek to injunctive relief against Oregon Department of Human Services Addiction and Mental Health Division (AMH) and the Assistant Director of DHS. Plaintiffs ask the court to order the agency to ensure that PCCF is granted an "unencumbered" license to continue its status as a certified provider of mental health services. Plaintiffs further request the court to order Oregon Department of Education and its Assistant Superintendent to name PCCF as the provider of services under the state's long term care and treatment contract, which governs provision of educational services for children placed in day treatment by the Oregon Department of Human Services. Plaintiffs assert that the actions of the state agencies and agents violate IDEA and the Rehabilitation Act, and they also bring due process claims against the individual state defendants.

Finally, plaintiffs seek to enjoin SOASTC, which NBSD seeks to hire to provide mental health treatment to certain students, and its director from taking any action counter to child plaintiffs' state and federal rights as recipients of publicly funded mental health and special education services. Plaintiffs apparently assert, with little factual basis, that SOASTC and its Director violate IDEA, the Rehabilitation Act, and their due process rights.

3 Opinion and Order

## Analysis

### IDEA and Rehabilitation Act Claims

Fed. R. Civ. Proc. 12(b)(1), which requires dismissal of a claim for lack of subject matter jurisdiction, resolves defendants' motions to dismiss in their favor with respect to IDEA and Rehabilitation Act Claims. Neither the individual child plaintiffs nor PCCF bring justiciable claims. One child, D.H., has been voluntarily dismissed since the filing of this action. The attorneys agree that two of the four remaining child plaintiffs, D.L. and L.L., have been placed in residential treatment programs and are therefore no longer subject to actions by NBSD. Because those claims have been rendered moot, the court may not consider them. See United States Parole Comm'n v. Geraghty, 445 U.S. 388, 397 (1980) ("The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).").

The remaining plaintiffs have failed to exhaust their administrative remedies, a prerequisite to obtaining relief in federal district court under IDEA. Robb v. Bethel School Dist. #403, 308 F.3d 1047 (9th Cir. 2002). The other two child plaintiffs, T.B. and T.O., have not brought any administrative challenge to their individualized educational programs. Nor has PCCF adequately pursued its concerns about cessation of placements in an administrative forum. At most, the record reveals that plaintiffs have variously e-mailed or corresponded by letter with NBSD or state agencies about dissatisfaction with NBSD's decision to discontinue PCCF's services as a treatment provider. As counsel for NBSD correctly explains, none of the

documents initiate due process proceedings under the IDEA, nor do they request a hearing under the state or federal Administrative Procedure Acts. The single administrative complaint adduced in the record, which was brought on behalf of PCCF, was met with an invitation for information from the state of Oregon. PCCF failed to respond. There is simply no demonstration that plaintiffs have complied with the exhaustion requirement. If plaintiffs were to challenge their educational programs before an ALJ, including challenges at issue here -- lack of qualified staff at placement locations outside of PCCF, adequacy of individualized education plans, and placement of students with disabilities -- the ALJ would determine, on a case-by-case basis, the type of appropriate relief after developing and considering each plaintiff's discrete record. If the plaintiffs were still aggrieved, they would then be eligible to seek review in district court, and the court would be authorized (and equipped) to entertain the claims.

Moreover, plaintiffs have not demonstrated that an exception to the exhaustion requirement applies. Plaintiffs have asserted that exhaustion would be futile, relying on <u>Kerr Center Parents' Ass'n v. Roach</u>, 897 F.2d 1463 (9th Cir. 1990), but their argument is unavailing. The exhaustion requirement was deemed futile in <u>Kerr</u> in part because the school district in that case had refused to provide any services required under IDEA to children with disabilities and failed to engage in any due process proceeding concerning the students' educational needs. <u>Kerr Center</u>, 897 F.2d at 1470. Here, by contrast, educational services have been made available to students, and due process rights are

5 Opinion and Order

safeguarded by state rule, which would provide for administrative hearings if activated. See Ashland School Dist., 47 IDELR 82, 107 LRP 6612 at 1 (SEA Or Jan 2, 2007) (describing hearings procedure).

Subsequent authority in the Ninth Circuit holds that the exhaustion requirement obtains where the ALJ can provide some degree of meaningful relief, despite whether plaintiff might prefer a type of relief ultimately only available upon review by a district court. Robb, 308 F.3d at 1048. In this case, an ALJ would be well equipped to determine whether child plaintiffs are being educated in the least restrictive environment at their current placements. See Ashland School Dist., 47 IDELR 82. If not, the ALJ's decision would form the basis for a reassignment, which would constitute meaningful relief under Robb. If plaintiffs disagreed, the parties might then request relief in the district court, including the type of injunctive relief that they have prematurely sought. In sum, until a challenge is brought to an ALJ and a contested case hearing is conducted on a developed record, this court lacks the authority (not to mention the indispensable information) that is required to hear any of plaintiffs' IDEA claims.

By operation of statute, the IDEA exhaustion requirement is also a prerequisite to any claim under the Rehabilitation Act. IDEA states, in part:

> "Nothing in this chapter shall be construed to restrict of limit the rights, procedures, and remedies available under the Constitution ... title V of the Rehabilitation Act of 1973, or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws

6 Opinion and Order

> seeking relief that is also available under this subchapter, the procedures under ... this section shall be exhausted to the same extent as would be required had the action been brought under this subchapter." 20 U.S.C. § 1415(l).

Thus, until plaintiffs have exhausted their administrative remedies under IDEA, their Rehabilitation Act claims will also remain injusticiable.

PCCF further contends that AMH contravened the Rehabilitation Act by threatening to revoke PCCF's state license to provide mental health services. Again, PCCF fails to state a justiciable claim. PCCF is currently licensed. AMH has been investigating PCCF's compliance with licensing requirements and has requested information from PCCF in furtherance of that investigation. See Ex. A to State's Response to Motion for Injunctive Relief. The state has taken no action to revoke PCCF's license. PCCF contends that it has stopped receiving client placements due to the perception among placing agencies that its license is in jeopardy,[1] but PCCF adduces no evidence that it has been harmed on that basis. Because there is no ripe controversy under the Rehabilitation Act, and because PCCF has failed to demonstrate that it has suffered injury due to the actions of AMH, its license-based Rehabilitation Act claim

---

[1] Apparently in order to cure the problem, PCCF asks the court to order ODE to name PCCF as the treatment provider in ODE's long term care and treatment contract, which governs provision of educational services for children placed in day treatment by the Oregon Department of Human Services. Plaintiff seems to suggest that ODE's failure to do so forms part of the basis of a cause of action against it under IDEA and the Rehabilitation Act. Because development of an administrative record is a predicate to considering matters that are, in turn, dispositive of the ODE defendants' liability (if any) under the law, the court lacks jurisdiction to determine claims against ODE and its Assistant Superintendent.

7 Opinion and Order

against AMH is injusticiable.[2]

Finally, plaintiffs have raised the same unexhausted IDEA and Rehabilitation Act claims against SOASTC and its Executive Director, and they assert that the Director Of Coos County Mental Health, Ginger Swan, has violated the Rehabilitation Act. Plaintiffs seek an order from the court enjoining those defendants from taking action that would deprive plaintiffs of their statutory guarantees to educational and mental health resources, but they provide no factual allegation that would support the contention that any such injury has occurred. Doing so would depend on facts developed for each plaintiff using administrative procedures available under state law. Because plaintiffs have not stated justiciable claims against SOASTC, its Executive Director, or Ginger Swan, this court lacks jurisdiction over the matter and dismisses the claims on that basis.

Due Process Claims

Plaintiffs further assert that the individual state defendants, NBSD and its superintendent, SOASTC and its Executive Director, and Swan violated their due process rights. Plaintiffs allege that the suspension of placements to PCCF results in deprivation of benefits and undenominated "state and federal constitutional and/or statutory rights," resulting in a violation of the right to due process under the Fourteenth Amendment.

Again, plaintiffs fail to state a justiciable claim.

---

[2] Even if PCCF could demonstrate injury, any intervention by this court into the state's ongoing licensing procedures would run afoul of the doctrine of Younger abstention. See Younger v. Harris, 402 U.S. 37 (1971).

Regarding NBSD and its superintendent, plaintiffs' due process claims, made actionable through 42 U.S.C. § 1983, are subject to the IDEA exhaustion requirement of 20 U.S.C. § 1415(l), the same statute that imposes the exhaustion requirement for Rehabilitation Act claims. See 20 U.S.C. § 1415(l)("before the filing of a civil action under [federal] laws seeking relief that is also available under this subchapter, the procedures under .... this section shall be exhausted to the same extent as would be required had the action been brought under this subchapter"); Babicz v. School Bd. of Broward County, 135 F.3d 1420 (11th Cir. 1998) (dismissing civil rights claim under § 1983 where plaintiffs had not exhausted remedies under related IDEA and Rehabilitation Act claims). Regarding state defendants, the allegations, if taken as true, lack any indication that plaintiffs were denied any other procedural right or other benefit that the State of Oregon owes to them. Finally, plaintiffs have not demonstrated how, if at all, SOASTC and its officials are public authorities that owe procedural or substantive rights to plaintiffs.

Retaliation Claims

Plaintiff brings claims against NBSD and its Superintendent for violation of unspecified "[f]ederal and state laws [that] prohibit retaliation for advocating rights guaranteed at law[.]" To the extent that the retaliation claim is based in the federal IDEA or Rehabilitation Act, it is subject to the exhaustion requirement of 20 U.S.C. § 1415(l). As explained above, plaintiffs have failed to meet this requirement, and they offer

9 Opinion and Order

no basis on which the court may excuse it. In view of the absence of any live federal claims in this action, retaining supplemental jurisdiction over any retaliation claim based on unspecified state law is not appropriate, and I dismiss it for that reason. See 28 U.S.C. § 1367(c)(3) (a district court may decline to exercise supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction").

## Conclusion

Plaintiffs' Motion for Substituted Injunctive Relief (#10) is denied. Defendants' Motions to Dismiss Amended Complaint and Substituted Motion for Injunctive Relief (#18, #38) are granted. Because the court lacks jurisdiction over the claims brought against defendants Southern Oregon Adolescent Study and Treatment Center, its Executive Director, and Ginger Swan, Director of Coos County Mental Health, the court dismisses those claims sua sponte under FRCP 12b(1). This action is dismissed.

IT IS SO ORDERED.

Dated this 19 day of September, 2007.

THOMAS M. COFFIN
United States Magistrate Judge